## Second Department, September, 1978

### (September 5, 1978)

1    In the Matter of Major R. Owens, Respondent, v Alfred Sharpton et al., Appellants. (And Two Other Proceedings.)—In proceedings to invalidate a certificate of substitution designating one Jeanette Gadson to fill the vacancy created by the disqualification of a candidate in the Democratic Party primary election to be held on September 12, 1978, for the public office of State Senator from the 17th Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County, dated September 5, 1978, which, *inter alia,* granted the application. Judgment reversed, on the law, without costs or disbursements, petitions dismissed and the Board of Elections is directed to place the name of Jeanette Gadson on the appropriate ballot. On September 1, 1978, Jeanette Gadson was designated to replace a previously disqualified candidate for the office of State Senator from the 17th Senatorial District. Petitioners seek to invalidate the certificate of substitution on the ground that Ms. Gadson was not an enrolled member of the Democratic Party on the date of her designation. The challenge arises out of the fact that Ms. Gadson changed her residence on August 29, 1978, remaining, however, within the same Assembly and Senatorial Districts in which she had for many years resided. On that date, the Board of Elections received her application to transfer her registration and enrollment in the Democratic Party to her new address and simultaneously canceled her prior registration and enrollment. Since a transfer application received within 30 days of a primary election (to be held on Sept. 12, 1978) becomes effective only after such election (Election Law, § 5-208, subd 3), and the Board of Elections had canceled her prior registration and enrollment, petitioners argued, and Special Term agreed, that Ms. Gadson was not enrolled in the Democratic Party as of September 1, 1978. We disagree. The action of the Board of Elections in purporting to cancel Ms. Gadson's enrollment at her prior address did not serve to disqualify her as a candidate. Since the transfer of her registration could not be legally accomplished on August 29, 1978 her outstanding enrollment in the Democratic Party remained in effect. Ms. Gadson meets the residency qualifications of the New York State Constitution for the office of State Senator (see art III, § 7). There is no requirement in the Election Law that she be *enrolled* in any particular geographical area in order to run for such office (see *Matter of Beary v Nadjari,* 42 NY2d 981). Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur.